<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

**Filed / Docketed**
**January 4, 2008**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **SCHUETTE, FRANK ROBERT,** | ) | Case No. 02-03376-R |
| | ) | Chapter 7 |
| **Debtor.** | ) | |

| | | |
|---|---|---|
| **FRANK ROBERT SCHUETTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Adv. No. 07-1067-R |
| | ) | |
| **NATIONAL LOAN ACQUISITIONS** | ) | |
| **CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS AND**
<u>**DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

Before the Court is the Motions to Dismiss Complaint; Brief in Support (Adv. Doc. 6) ("Motion") filed by Defendant National Loan Acquisitions Co. ("National") on June 19, 2007; Schuette's Objection to National's Motion to Dismiss and Brief in Support of Objection (Adv. Doc. 10) ("Objection") filed by Plaintiff Frank Robert Schuette ("Schuette") on July 24, 2007; Reply Brief in Support of Motions to Dismiss Complaint (Adv. Doc. 15) ("Reply") filed by National on August 17, 2007; Supplemental Brief In Support of Motions to Dismiss Complaint (Adv. Doc. 18) ("Supplemental Reply") filed by National on August 24, 2007; and Plaintiff's Response to Defendant's Reply to Objection to Motion to Dismiss

and Supplemental Brief in Support of Motion to Dismiss (Adv. Doc. 21)("Response to Reply") filed by Schuette on September 7, 2007.

Upon consideration of the pleadings, briefs and applicable law, the Court finds and concludes as follows:

**I.     Jurisdiction**

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(B), (C), and (O); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**II.    Procedural history**

On July 15, 2002, Schuette filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In his schedules, Schuette listed Bank of San Pedro/National Mortgage as a creditor holding a judgment in the amount of $1,200,000.00 (the "Judgment"). Schuette received a Chapter 7 discharge on October 22, 2002. On December 10, 2003, the Chapter 7 Trustee (the "Trustee") determined that the estate contained no non-exempt assets worth liquidating for the benefit of creditors. The bankruptcy case was closed on April 8, 2004.

On August 14, 2006, the bankruptcy case was reopened upon application of the Trustee, who sought to administer an unscheduled asset. The Trustee filed a notice of assets, and requested that the Court set a bar date for claims. The Court issued a Notice to File Claims setting a bar date of November 30, 2006. On September 8, 2006, National filed a proof of claim in the amount of $590,834.77 (the "Proof of Claim"). Attached to the Proof

of Claim was an Assignment of Judgment, indicating that on September 1, 2006, National Mortgage had assigned the Judgment in the amount of $1,181,260.10 to National. Also attached to the Proof of Claim was a schedule purporting to indicate the application of various payments toward the principal and interest portions of the Judgment.

On May 24, 2007, Schuette filed an Adversary Complaint (the "Complaint") against National in which Schuette (1) objected to the allowance of the Proof of Claim and (2) requested that National's claim be equitably subordinated to all other claims and interests due to the "unfair advantage" National would obtain through "inequitable conduct."

On September 14, 2007, Schuette filed in the main bankruptcy case a Declaration of Amendment to Schedule B–Personal Property and Schedule F–Creditors Holding Unsecured Non-Priority Claims (Main Case Doc. 95). On the Amendment to Schedule B, Schuette added the following asset:

> Inverse condemnation lawsuit arising from 1986 Yuba River flood. At the time of the filing of the petition, this case had been twice tried to a jury, both of which returned defendant's verdicts. At the time of the filing of this case, Debtor had no reason to believe this claim had any value. Style of case: Lillian Abram, et al v. State of California, et al Coordinated Proceeding Special Title February 20, [1986] Linda Flood Cases, Coordinated Case No. 2104. 1,165 days later, on or about September 15, 2005, Debtor received net settlement proceeds in which this Estate may have an interest in the amount of $820,740.52.

Amendment to Schedule B (the "Lawsuit"). On the Amendment to Schedule F, Schuette amended his disclosure of the Judgment in favor of Bank of San Pedro/National Mortgage to reflect that he disputes the debt.

3

**III.    Discussion**

In his Complaint, Schuette contends that the Judgment has been reduced or satisfied because in enforcing the Judgment, National obtained money and property from Schuette that equaled or exceeded the value of the Judgment.  Schuette contends that National has not adequately accounted for the property surrendered to National in calculating the amount of its claim.  In the alternative, Schuette seeks to equitably subordinate National's claim below all claims and interests (*i.e.*, Schuette's interest in the surplus after all other claims are paid) pursuant to Section 510(c) of the Bankruptcy Code.  In its Motion, National moves to dismiss the Complaint or, in the alternative, seeks summary judgment in its favor based on materials extraneous to the Complaint.

    A.    Motion to Dismiss

National contends that Schuette's objection to its Proof of Claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable herein by Bankruptcy Rule 7012(b)) for failing to state a claim, alleging that (a) because Schuette did not indicate in his schedules that the Judgment was disputed, Schuette is judicially estopped from now disputing National's claim; (b) because Schuette allegedly testified as to the value of certain real property in an asset hearing, which figures National used to calculate the value of properties surrendered to National and applied to the Judgment, Schuette is estopped from now claiming the property was more valuable; (c) because Schuette failed to schedule the Lawsuit in his original bankruptcy schedules, Schuette is estopped from objecting to National's claim to the proceeds of the Lawsuit; and (d) because Schuette did

not indicate that he disputed National's claim in his original schedules, Schuette's objection to National's claim is barred by laches. In moving to dismiss the equitable subordination claim, National argues that (a) the Complaint does not allege sufficient facts to state a claim and (b) Schuette is barred by the unclean hands doctrine.

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine whether the factual allegations in the complaint are sufficient to state a claim within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) states, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Except when a heightened standard of pleading is required by statute or rule (*i.e.*, Rule 9 of the Federal Rules of Civil Procedure), "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007). However, where the plaintiff's factual allegations describe conduct that could be interpreted as obviously lawful, the statement of the claim must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1974 (2007) (a complaint that described parallel pricing schemes and business conduct by telecommunication providers that could have reflected an illegal agreement, or could just as likely have reflected a coincidence or a valid competitive strategy, did not state sufficient

facts to render it "plausible" that the conduct constituted a conspiracy that violated anti-competitive laws, and therefore the plaintiff did not state a claim upon which relief could be granted). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," as well as draw all reasonable inferences from such facts in favor of the plaintiff. Erickson, 127 S.Ct. at 2200; Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). "Conclusory allegations [i.e., legal conclusions] without supporting factual averments are insufficient to state a claim on which relief may be based," and such allegations are not accepted as true or drawn inferentially in favor of the plaintiff. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nor may the Court consider materials not contained or referred to in the Complaint in determining whether to grant a motion to dismiss. See Fed. R. Civ. P. 12(b) (if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment").

In the Complaint, Schuette alleges that National "has received money and property of a value in excess of the amounts owed to [National], for which [Schuette] has not been given proper credit. A detailed narrative of the facts and circumstances giving rise to the claims for relief alleged herein is set forth in Exhibit 'A' all of which is incorporated herein by reference." Complaint, ¶ 3. The narrative of facts and circumstances contains allegations concerning the transfer of various specific parcels of real property to National, or its predecessors in interest, as well as the transfer of two notes, and alleges that the value realized by National from the properties exceeded the amount of the Judgment. The

Complaint gives National fair notice of the grounds for Schuette's objection and states a plausible factual ground for disallowing National's proof of claim.

National contends dismissal of the Complaint is warranted pursuant to various forms of estoppel and laches. The allegations in the Complaint do not irrefutably establish these affirmative defenses, however, and all reasonable inferences from the facts pleaded must be drawn in favor of Schuette. Therefore, National's motion to dismiss Schuette's objection to National's claim must be denied. However, because Exhibit A contains the operative factual allegations, Schuette shall file an amended complaint containing such factual allegations in the body of the Complaint, with each factual allegation made in a separately numbered paragraph in compliance with Rule 10(b) of the Federal Rules of Civil Procedures (made applicable hereto by Bankruptcy Rule 7010).

With respect to National's motion to dismiss Schuette's equitable subordination claim, to survive a motion to dismiss, the Complaint must contain factual allegations indicating that "[t]he claimant has engaged in inequitable conduct; . . .[t]he conduct has injured creditors or given unfair advantage to the claimant; and . . . [s]ubordination of the claim is not inconsistent with the Bankruptcy Code." Sloan v. Zions First Nat'l Bank (In re Castletons, Inc.), 990 F.2d 551, 559 (10th Cir. 1993). In the Complaint, Schuette alleges that National "has engaged in inequitable conduct as set forth in Exhibit 'A' which will result in an unfair advantage for [National] resulting from its conduct . . . [and] [d]ue to the inequitable conduct of [National], the Claim should be subordinated to all other claims to and interests in this Bankruptcy Estate pursuant to 11 U.S.C. § 510(c)." Complaint, ¶ 5, 6. The conclusory

allegations contained in paragraphs 5 and 6 cannot be accepted as true, and the factual allegations contained in Exhibit A, even if taken in the light most favorable to Schuette, do not describe "inequitable conduct . . . that has injured creditors or given unfair advantage to the claimant." Accordingly, National's motion to dismiss Schuette's equitable subordination claim is granted. However, Schuette is granted leave to attempt to state a claim for equitable subordination when he amends his Complaint to comply with Rule 10(b) of the Federal Rules of Civil Procedure.

     B.    <u>Motion for Summary Judgment</u>

As an alternative to its motion to dismiss, National seeks summary judgment on both claims. A review of the materials attached to the Motion, Objection, Reply, Supplemental Reply, and Response to Reply leaves no doubt that disputed issues of material fact preclude summary judgment on all claims and defenses.[1]

---

[1] For example, National's estoppel defenses require the Court to examine the context in which the representations National claims are the basis for estoppel were made. National contends that Schuette is estopped from disputing National's claim in the amount of $590,834.77 because Schuette failed to indicate on his schedules that he disputed National's claim. However, Schuette scheduled the debt as a Judgment in the amount of $1,200,000.00, which is the approximate face amount of the Judgment. By representing that he did not dispute the face amount of the Judgment, Schuette did not admit in his schedules that the balance of the debt, after all credits were applied, was $590,834.77. Thus, Schuette's objection to National's claim on the basis of National's failure to properly credit the value of properties conveyed to National against the Judgment is not precluded by Schuette's representation that he did not dispute the validity or amount of the Judgment in his schedules.

    Moreover, although National claims that Schuette never disputed the manner in which it applied credits against the Judgment, and therefore National will be prejudiced if it is now required to prove the amount of its claim, Schuette contends that he vigorously objected to National's accounting of the credits as inadequate and incomplete immediately prior to filing bankruptcy. This contested fact precludes summary judgment in favor of National.

    The circumstances surrounding other representations that National relies upon for its estoppel defenses are also disputed. National claims that at an asset hearing, Schuette

8

**IV.   Conclusion**

For the reasons stated above, the Court concludes that (1) National's motion to dismiss Schuette's equitable subordination claim should be granted, and that Schuette is granted leave to amend to attempt to state such a claim; (2) National's motion to dismiss Schuette's objection to National's Proof of Claim is denied; (3) National's motion for summary judgment is denied; and (4) within fifteen days, Schuette shall file an amended complaint that complies with Rule 10(b) of the Federal Rules of Civil Procedure.  National shall file its answer to the amended complaint within ten days of the date the amended complaint is filed.

**SO ORDERED** this 4th day of January, 2008.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

---

produced a document that established the net value of the properties that were turned over to National, and National relied upon that representation in crediting the Judgment.  Schuette, however, claims that the schedule containing the list of properties was prepared for another purpose, *i.e.*, to estimate his income tax liability if the properties were transferred, and that the schedule was turned over to National merely as a document responsive to a discovery request, and was not intended to represent the actual value of the properties.

National also argues that Schuette should be estopped from objecting to National's claim because Schuette failed to list the Lawsuit as an asset on his schedules.  Schuette contends that he believed the Lawsuit had been terminated in the defendants' favor, that he had not been advised otherwise, and that he had no reason to believe that it was an asset of his estate.  National claims, however, that Schuette was in contact with the attorneys prosecuting the Lawsuit shortly before he filed his bankruptcy petition.  Thus, it will be necessary to weigh competing evidence to determine whether Schuette's omission of the Lawsuit from the schedules may form the basis for estoppel.

These same issues concerning Schuette's knowledge and state of mind also defeat summary judgment on National's unclean hands defense to Schuette's equitable subordination claim.